IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-cv-43

| | |
|---|---|
| MYLANDIA A. WESLEY<br>Plaintiff,<br><br>v.<br><br>PAPERFOAM PACKAGING USA, *et. al*,<br>Defendants. | ORDER |

This cause comes before the Court on the memorandum and recommendation ("M&R") of Magistrate Judge Robert B. Jones, Jr. [DE 4]. For the reasons below, the M&R is adopted in full.

A district court is required to review *de novo* those portions of a memorandum and recommendation ("M&R") to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted).

Plaintiff has filed a timely objection to only one portion of the M&R, that in which the magistrate judge concluded that her Title VII claims should be dismissed because she did not allege that she had exhausted her administrative remedies or that the E.E.O.C. had given her a right-to-sue letter. In response, Plaintiff has attached photos of a letter from the E.E.O.C. dated November 5, 2023, informing her that the E.E.O.C. would not proceed further with an administrative investigation and that plaintiff had the right to file a lawsuit within 90 days. The present suit was filed on January 31, 2024, within that 90-day window.

While this additional information indicates that plaintiff did have a right-to-sue letter, it does not alter what was contained in her initial complaint. The Fourth Circuit has held that "[a] plaintiff in a civil action under Title VII must allege and prove filing of a timely charge of discrimination with the Equal [Employment] Opportunity Commission together with receipt of, and action on, a statutory notice of his right to sue." *Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 140 (4th Cir. 1995) (citing *Purdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1093 (4th Cir. 1982)). The receipt of, or entitlement to, a right-to-sue letter is a "jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

The Court has reviewed plaintiff's complaint *de novo* and found no allegation that the plaintiff had exhausted her administrative remedies or received a right-to-sue letter. The plaintiff's right-to-sue letter expired on February 3, 2024, and any further Title VII claims she may have related to her employment with the defendants are now time-barred.

The Court is satisfied that there is no clear error on the face of the record and ADOPTS the M&R in full. [DE 4] Plaintiff's motion for leave to proceed in forma pauperis [DE 2] is GRANTED.

SO ORDERED, this 7 day of October 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 7:24-cv-00043-BO-RJ    Document 6    Filed 10/08/24    Page 2 of 2