IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-43-BO-RJ

| | | |
|---|---|---|
| MYLANDIA A. WESLEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| PAPERFOAM PACKAGING USA, *et. al*, | ) | |
| Defendants. | ) | |

This matter comes before the Court on defendants' motion to dismiss [DE 33] plaintiff's original complaint, as well as defendants' motion to strike or dismiss [DE 39] plaintiff's amended complaint. The proper responses and replies have been filed, and in this posture the motions are ripe for disposition. For the following reasons, the motions are granted.

BACKGROUND

Plaintiff Mylandia Wesley, a black woman, is a former employee of defendant PaperFoam Packaging, USA (PaperFoam). She initiated this lawsuit against her employer, affiliated companies, and individuals in the business' senior management. [DE 38, ¶¶ 8–17]. PaperFoam operates a manufacturing facility that produces product packaging, where plaintiff worked from April 2017 to September 2023. *Id.* at ¶¶ 19, 36. Plaintiff was steadily promoted, and by January 2019 had assumed the position of assistant plant manager. *Id.* at ¶¶ 19, 21. For sixteen months in early 2022–2023, the position of plant manager remained vacant. Plaintiff alleges having worked 50–70 hours per week, unofficially performing the duties of the plant manager. *Id.* at ¶¶ 22–23. She was offered the position officially at a rate of approximately $32 per hour but declined because the pay was too low. *Id.* at ¶ 26. Subsequently, defendant Jeffrey Martin was hired as the plant manager at $51 per hour. *Id.* at ¶ 27.

Plaintiff alleges defendant Malcolm Ford, who served in senior management, routinely used racially derogatory language toward black and Hispanic men, and tolerated an atmosphere of sexual harassment and gender-based stereotyping toward black women employees. *Id.* at ¶¶ 15, 30, 32. "Plaintiff repeatedly complained about racially disparate pay, discriminatory hiring and discipline, sexual harassment, and unlawful wage practices." *Id.* at ¶ 34. "After escalating her complaints, Defendants retaliated by stripping Plaintiff of her authority, excluding her from decision-making, demoting her, and ultimately terminating her employment on or about September 28, 2023." *Id.* at ¶ 36. Judging from plaintiff's original complaint, the termination may have become official in early October of 2023. [DE 1-1, p. 18].

After being terminated, plaintiff alleges she entered the facility to retrieve personal belongings with permission. Twelve hours later, defendant Martin contacted law enforcement and allegedly falsely reported that plaintiff had stolen company property. [DE 38, ¶¶ 38–39]. Plaintiff was criminally charged with felony breaking and entering and felony larceny. *Id.* at ¶ 40. "After Plaintiff filed a charge of discrimination and wrongful termination with the EEOC, Defendant Martin caused additional false accusations of embezzlement and larceny to be made." *Id.* at ¶ 41.

After a frivolity review, the Court dismissed plaintiff's Title VII claims and First Amendment retaliation claim against all defendants and dismissed her claim against defendant Martin for racial discrimination and hostile work environment under 42 U.S.C. § 1981. [DE 4]; [DE 6]. Plaintiff's claims against the other defendants under 42 U.S.C. § 1981 proceeded past frivolity. The frivolity order also concluded plaintiff's numerous state law claims—defamation, slander, breach of contract, civil fraud, bribery, negligent misrepresentation, intentional infliction of emotional distress, and filing a false police report—were better evaluated on a fully briefed Rule 12 motion. [DE 4]; [DE 6].

2

Defendants PaperFoam packaging USA, LLC and Jeffrey Martin appeared and moved [DE 33] to dismiss the original complaint under Rule 12. After a full briefing on the motion to dismiss the original complaint, plaintiff filed an amended complaint [DE 38] out of time and without the Court's leave or defendants' consent. The amended complaint asserts claims for (1) race discrimination under Title VII and § 1981, (2) sex discrimination under Title VII, (3) retaliation under Title VII and § 1981, (4) wage and hour violations under the Fair Labor Standards Act (FLSA), (5) wrongful termination in violation of North Carolina public policy, (6) defamation and slander, (7) malicious prosecution or abuse of process, and (8) intentional infliction of emotional distress. Defendants then moved to strike the amended pleading for noncompliance with Fed. R. Civ. P. 15 or in the alternative to dismiss it for failure to state a claim under Fed. R. Civ. P. 12(b)(6). [DE 39].

Nowhere in plaintiff's original or amended complaint does she allege the existence of diversity jurisdiction, and the Court is without sufficient information to determine whether it exists. The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). Therefore, as the Court will dismiss all the federal claims asserted in this case, it will also decline to exercise supplementary jurisdiction over the state law claims, and only the federal claims are discussed herein.

## DISCUSSION

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim

3

showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## I. The Amended Complaint

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend their pleading once as a matter of course within twenty-one days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After this time period has expired, amendments under Rule 15(a)(2) are allowed only with the opposing party's written consent or leave of court, which leave should be given freely "when justice so requires." *Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

"Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards[.]" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). An amendment is therefore futile where the plaintiff fails to state a facially plausible claim, meaning that the facts pled "allow[] the court to draw the reasonable inference

4

that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Courts should be liberal in their construction of *pro se* complaints, but they should not go beyond deciphering the meaning of words written in the complaint to attempt to discern the unexpressed intent of the plaintiff. *Laber v. Harvey*, 438 F.3d 404, 413 (4th Cir. 2006). Plaintiff's amended complaint, in addition to being filed out of time and without the opposing parties' consent or the Court's leave, fails to state a claim such that amendment would be futile. Its federal claims are discussed below.

*(1) Race Discrimination under Title VII and § 1981*

As a threshold matter, the Court has already dismissed plaintiff's Title VII claims. Reasserting those claims in an impermissibly-filed amended complaint does not revive them.

> To succeed on a § 1981 claim, "a plaintiff must ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006). A plaintiff must also show that the interference with a contractual interest would not have happened but for the plaintiff's race. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Thus, to survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, allow the court to draw a reasonable inference as to those legal requirements.

*Nadendla*, 24 F.4th at 305 (*Comcast* citation changed to long form). The amended complaint alleges that Ford directed racially derogatory language at "Black and Hispanic men" [DE 38, ¶ 30], but plaintiff is a woman, *id.* at ¶ 1. Generally, "an employment discrimination plaintiff lacks standing to redress discrimination directed toward others." *Endara v. New Life Fitness World of S.C., Lexington, Inc.*, No. CV 3:05-2691-MBS-JRM, 2006 WL 8445560, at *3 (D.S.C. May 25, 2006) (citing *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 761 (4th Cir. 1998)). Plaintiff does allege that after she declined an offer to assume the position of plant manager, the position was offered at a higher pay rate to a white man. This could be read as an allegation of race discrimination relating to a contractual interest. *Id.* at ¶¶ 25–28. The amended complaint nevertheless lacks any allegation to indicate this would not have occurred but for her race.

5

*(2) Sex Discrimination under Title VII*

Plaintiff's Title VII claims have already been dismissed. [DE 4]; [DE 6].

*(3) Retaliation under Title VII and § 1981*

To state a claim for retaliation under 42 U.S.C. § 1981, a plaintiff must allege that: (i) the plaintiff engaged in protected activity; (ii) the plaintiff suffered adverse action; and (iii) there is a causal nexus between the protected activity and the adverse action. *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 217–18 (4th Cir. 2016). "An adverse employment action is a discriminatory act that adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (cleaned up, citation omitted). The only adverse action on which plaintiff can rely is her termination. She alleges "Defendants retaliated by stripping Plaintiff of her authority, excluding her from decision-making, demoting her, and ultimately terminating her employment[.]" [DE 38, ¶ 36]. But until June 2023, she held the position of assistant plant manager and acted as de facto plant manager. *Id.* at ¶ 22. She also alleges she was steadily promoted. *Id.* at ¶ 19. The complaint does not describe any demotion or loss of authority. Plaintiff does not sufficiently allege any adverse action outside her termination.

An employee engages in protected activity under 42 U.S.C. § 1981 when she opposes conduct that she reasonably believes constitutes race discrimination. *Crawford v. Metro. Gov't of Nashville & Davidson Cnty.*, 555 U.S. 271, 276 (2009) ("When an employee communicates to her employer a belief that the employer has engaged in . . . a form of employment discrimination, that communication virtually always constitutes the employee's opposition to the [discrimination]"). Plaintiff alleges she "repeatedly complained about racially disparate pay, discriminatory hiring and discipline, sexual harassment, and unlawful wage practices." *Id.* at ¶ 34. She does not, however,

6

identify the particular people to whom she complained or allege they were the ones responsible for causing her to be her terminated. "An employee cannot demonstrate a causal connection between protected activity and the employer's adverse action without alleging that the decisionmaker who took the adverse action knew that the employee had engaged in protected activity." *Donald v. Novant Health, Inc.*, 800 F. Supp. 3d 623, 636 (citing *Holland*, 487 F.3d at 218).

Outside the temporal proximity of her complaints to her termination, plaintiff alleges no facts indicating a causal relationship between the two. While the amended complaint does not provide a precise timeline, plaintiff's original complaint indicates plaintiff began complaining about unlawful discrimination as early as April 2023, and her complaints continued thereafter. [DE 1-1, pp. 31–32]. The proximity of plaintiff's latest complaints to her October 2023 termination cannot support a plausible inference that she was terminated for opposing race discrimination when her complaints had been regularly ongoing for months before. "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close[.]'" *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273.

### (4) *Wage and Hour Violations under the Fair Labor Standards Act (FLSA)*

"To state a claim for a FLSA overtime violation, a plaintiff must allege: (1) he worked overtime hours without compensation; and (2) the employer knew or should have known that he worked overtime but failed to compensate him for it." *Hall v. Storm Team Constr. Inc.*, No. 6:18-CV-00753-AMQ, 2018 WL 2461991, at *3 (D.S.C. June 1, 2018). Plaintiff alleges only that she

worked 50–70 hours per week, unofficially performing the duties of the plant manager. *Id.* at ¶¶ 22–23. The amended complaint does not allege she was improperly compensated.

As the amended complaint fails to state a federal claim, amendment is futile, and the Court denies leave to file it out of time. The effective complaint in this case is the original complaint.

## II. The Original Complaint

The original complaint suffers from the same defects as the amended complaint. Although it contains substantially more factual allegations, those allegations largely concern the experiences of plaintiff's coworkers, not her own. Plaintiff's original complaint asserted federal claims under the First Amendment, Title VII, and 42 U.S.C. § 1981. The Title VII and First Amendment retaliation claims were dismissed on frivolity review. [DE 4]; [DE 6]. The remaining federal claims are for race discrimination, hostile work environment, and retaliation under § 1981.

With respect to her § 1981 race discrimination claim, plaintiff alleged in her original complaint that she was "passed over" for the plant manager job and "demoted" from assistant plant manager because of her race. [DE 1-1, p. 4]. Apart from the conclusory statement that she was "passed over" because of her race, plaintiff alleges no facts indicating her race motivated this decision. In fact, she recites defendant Ford's explanation: he believed plaintiff had "no high school diploma or college education," both of which are prerequisites to consideration for the plant manager position. *Id.* at p. 5. While plaintiff alleges Ford was mistaken, and plaintiff *was* a high school graduate and had attended college, there is no indication Ford considered her race in passing over her. *Id.*

And, of course, plaintiff elsewhere explains that she was indeed offered the plant manager position and declined it. [DE 38, ¶ 26]; [DE 1-1, p. 2]. These allegations do not describe interference with plaintiff's contractual interests based on race.

8

To state a claim for wage discrimination under 42 U.S.C. § 1981, "the plaintiff must show: (1) that she is a member of a protected class and (2) that the job she occupied was similar to higher paying jobs occupied by employees outside the protected class." *Siraj v. Hermitage in N. Va.*, 51 Fed. Appx. 102, 112–113 (2002) (4th Cir. 2002); *see also Sumerlin v. AmSouth Bank*, 242 F. App'x 687, 690 (11th Cir. 2007). Plaintiff alleges that while she worked as the assistant plant manager, paid $18 per hour, a white man was hired as the production manager at $25 per hour. [DE 1-1, p. 16]. There is no allegation the production manager position is similar to the assistant plant manager position. Furthermore, when plaintiff herself occupied the production manager position, she alleges she "was the highest paid" employee at this time. *Id.* at p. 16.

The elements of a hostile work environment claim "are the same under either § 1981 or Title VII." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 184 (4th Cir. 2001).

> To prevail on a hostile work environment claim, a plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's protected characteristic; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer.

*Guessous*, 828 F.3d at 221 (cleaned up). While "evidence of how others were treated in the same workplace can be relevant to a hostile work environment claim[,]" the "primary focus . . . is on the plaintiff's experience[.]" *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 209–210 (4th Cir. 2019). While there are allegations indicating the black men in the plant might have experienced hostile treatment based on race, [DE 1-1, pp. 25, 33] there is no equivalent allegation of hostility that plaintiff herself endured.

Plaintiff does not allege sufficient facts to establish she was terminated in retaliation for engaging in a protected activity. Plaintiff does allege she complained to Ford that unlawful discrimination against minorities took place. *Id.* at p. 6. As with the amended complaint, however,

9

there is insufficient factual matter alleged outside of temporal proximity to support an inference that complaints of this type motivated her termination. Because plaintiff's ongoing complaints began months before her termination, the proximity of her latest complaints to her termination do not create a causal inference sufficient to state a claim.

Having dismissed all the federal claims asserted in plaintiff's original complaint, the Court declines to exercise supplemental jurisdiction over the state law claims.

### III. Other Defendants

Only defendants PaperFoam packaging USA, LLC and Jeffrey Martin have appeared in this case. Summonses issued for the other defendants bearing the addresses plaintiff proposed. Every single summons—except for that delivered to defendant Martin at a different address—bore an address of "4220 US Hwy 421 North, Suite 100, Wilmington, NC 28401." [DE 17]; [DE 18]; [DE 19]; [DE 20]; [DE 21]. This is PaperFoam's business address. Jeffrey Martin provided a declaration establishing that Karen Christy signed the certified mail receipt for the process addressed to PaperFoam, and that she is not an agent authorized to accept service on PaperFoam's behalf. [DE 40-1]. Nor have the other defendants been properly served—it appears to the Court that only defendant Martin has been properly served.

On August 14, 2025, the Court entered an order directing plaintiff to serve defendants within twenty-one days of that order's entry, and warned that the action would be dismissed if plaintiff did not submit proof of service by that time. [DE 10]. The Court subsequently entered an order granting plaintiff an extension of time to effect service and explicitly warned plaintiff that "[n]o further extension of time will be granted." [DE 12]. It appears to date that plaintiff has not effected proper service on any defendant except Martin. Therefore, and because she fails to state a claim, the complaint is dismissed in its entirety.

10

CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 39] the amended complaint is GRANTED. Defendants' motion to dismiss the original complaint [DE 33] is GRANTED. Plaintiff's motion to deny defendants' request for extension of time to file an answer [DE 31] is DENIED as MOOT. Plaintiff's motion to file a sur-reply [DE 44] is DENIED as MOOT. The Clerk is directed to enter judgment and close the case.

SO ORDERED, this _19_ day of May 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Case 7:24-cv-00043-BO-RJ    Document 45    Filed 05/19/26    Page 11 of 11